[Cite as *State v. Morgan*, 2022-Ohio-3302.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. CT2021-0072 |
| JEREMY A. MORGAN | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common Pleas,
Case No  CR2021-0352


JUDGMENT:                    Affirmed


DATE OF JUDGMENT ENTRY:      September 20, 2022


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

RONALD WELCH                          JAMES S. SWEENEY
PROSECUTING ATTORNEY                  JAMES SWEENEY LAW, LLC
27 North Fifth Street, P.O. Box 189   285 South Liberty Street
Zanesville, Ohio  43702               Powell, Ohio  43065

*Wise, J.*

{¶1} Defendant-Appellant Jeremy A. Morgan appeals his conviction and sentence on one count of attempted domestic violence following a plea of guilty in the Muskingum County Court of Common Pleas.

**Facts and Procedural History**

{¶2} On June 30, 2021, Appellant Jeremy A. Morgan was indicted on one charge at the Muskingum County Court of Common Pleas; Domestic Violence, a felony of the third degree, in violation of R.C. §2919.25(A). The indictment set forth that Appellant had been "previously convicted of, or pleaded guilty to two (2) or more offenses of domestic violence, two-wit:" and then listed five prior convictions which occurred between 2001 and 2020.

{¶3} The instant charge arose out of an incident which occurred on June 20, 2021, wherein Appellant was alleged to have hit his live-in girlfriend. (Plea Hearing at 13).

{¶4} On October 20, 2021, a plea hearing was held. At said hearing, Appellant entered a plea of guilty to a reduced charge of Attempted Domestic Violence, a felony of the fourth degree, in violation of R.C. §2923.02(A) and R.C. §2919.25(A). (Plea Hearing at 8, 10). The parties made a joint recommendation of six (6) months in prison on the charge of Attempted Domestic Violence. (Plea Hearing at 3-4).

{¶5} On November 29, 2021, a sentencing hearing was held wherein the trial court sentenced Appellant to eighteen (18) months in prison on the charge of Attempted Domestic Violence, with 163 days of jail-time credit. The trial court also terminated Appellant's post-release control, which had a maximum expiration date of October 24,

2023; and ordered it to run consecutive to the sentence on the Attempted Domestic Violence charge. (Sentencing Hearing at 12).

**{¶6}** Appellant now appeals.

## Assignments of Error

**{¶7}** Counsel for Appellant Morgan has filed a Motion to Withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493(1967) asserting no potential assignments of error.

*Law and Analysis*

**{¶8}** In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he should so advise the court and request permission to withdraw. 386 U.S. at 744. Counsel must accompany his request with a brief identifying anything in the record that could arguably support his client's appeal. *Id*. Counsel also must: (1) furnish his client with a copy of the brief and request to withdraw; and, (2) allow his client sufficient time to raise any matters that the client chooses. *Id*. Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist. If the appellate court also determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id*.

**{¶9}** By Judgment Entry filed June 13, 2022, this Court noted that counsel had filed an *Anders* brief and had indicated to the Court that he had served Appellant with the

brief. Accordingly, this Court notified Appellant via Certified U.S. Mail that he "may file a pro se brief in support of the appeal within 60 days from the date of the filing of this entry."

**{¶10}** Appellant has not filed a pro se brief

**{¶11}** We find Appellant's counsel in this matter has adequately followed the procedures required by *Anders.*

## I.

**{¶12}** As counsel did not submit any potential assignment of error, Appellant did not submit a pro se brief, and the state did not file a response brief, this Court will undertake, pursuant to *Anders*, to fully examine the proceedings to decide if this appeal is indeed wholly frivolous.

**{¶13}** Appellant herein pled guilty to a reduced count of one count of Attempt – Domestic Violence, and was convicted under R.C. §2919.25(A), which provides:

> (A) No person shall knowingly cause or attempt to cause physical harm to a family or household member.
>
> ***
>
> (3) Except as otherwise provided in division (D)(4) of this section, if the offender previously has pleaded guilty to or been convicted of domestic violence, a violation of an existing or former municipal ordinance or law of this or any other state or the United States that is substantially similar to domestic violence, a violation of section 2903.14, 2909.06, 2909.07, 2911.12, 2911.211, or 2919.22 of the Revised Code if the victim of the violation was a family or household member at the time of the violation, a violation of an existing or former municipal ordinance or law of this or any

other state or the United States that is substantially similar to any of those sections if the victim of the violation was a family or household member at the time of the commission of the violation, or any offense of violence if the victim of the offense was a family or household member at the time of the commission of the offense, a violation of division (A) or (B) of this section is a felony of the fourth degree, and, if the offender knew that the victim of the violation was pregnant at the time of the violation, the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section, and a violation of division (C) of this section is a misdemeanor of the second degree.

(4) If the offender previously has pleaded guilty to or been convicted of two or more offenses of domestic violence or two or more violations or offenses of the type described in division (D)(3) of this section involving a person who was a family or household member at the time of the violations or offenses, a violation of division (A) or (B) of this section is a felony of the third degree, and, if the offender knew that the victim of the violation was pregnant at the time of the violation, the court shall impose a mandatory prison term on the offender pursuant to division (D)(6) of this section, and a violation of division (C) of this section is a misdemeanor of the first degree.

***

(6) If division (D)(3), (4), or (5) of this section requires the court that sentences an offender for a violation of division (A) or (B) of this section to

impose a mandatory prison term on the offender pursuant to this division, the court shall impose the mandatory prison term as follows:

(a) If the violation of division (A) or (B) of this section is a felony of the fourth or fifth degree, except as otherwise provided in division (D)(6)(b) or (c) of this section, the court shall impose a mandatory prison term on the offender of at least six months.

**{¶14}** Here, Appellant pled guilty to a fourth-degree felony and the trial court imposed a sentence of eighteen (18) months, which is within with an authorized sentencing range of six to 18 months in prison. *See* R.C. §2929.14(A)(4).

**{¶15}** R.C. §2953.08 governs appeals claiming a violation of felony sentencing guidelines. Subsection (G)(2) describes this Court's standard of review:

(2) The court hearing an appeal under division (A), (B), or (C) of this section shall review the record, including the findings underlying the sentence or modification given by the sentencing court.

The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing. The appellate court's standard for review is not whether the sentencing court abused its discretion. The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:

That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

That the sentence is otherwise contrary to law.

**{¶16}** A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes post release control, and sentences the defendant within the permissible statutory range." *State v. Morris,* 5th Dist. Ashland No. 20-COA-015, ¶ 90 quoting *State v. Dinka*, 12th Dist. Warren Nos. CA2019-03-022 and CA2019-03-026, 2019-Ohio-4209, ¶ 36.

**{¶17}** We have reviewed the record and found that the trial court fulfilled those requirements as it imposed the sentence, so we find no error.

## Conclusion

**{¶18}** After independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal. Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of the Muskingum County Court of Common Pleas.

By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.

JWW/kw 0915